T. H. HARROD, *as Administrator, etc.,* v. W. K. McCOMAS.

No. 15,598.    (96 Pac. 484.)

TITLE AND OWNERSHIP—*Trustee — Administrator.* A written agreement held to have created a complete and executed trust, and in an action by the grantor's administrator to recover the proceeds a judgment for the defendant was affirmed.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed June 6, 1908. Affirmed.

*John H. Wright, Hackney & Lafferty,* and *James McDermott,* for plaintiff in error.

*A. M. Jackson, A. L. Noble,* and *G. H. Buckman,* for defendant in error.

*Per Curiam:* On September 26, 1905, Eleanora Miles, widow, and W. K. McComas entered into a written agreement, by which she conveyed and assigned to him certain personal property in trust, to pay to her during her natural life the income derived therefrom, and in case the income should prove insufficient for her support then to pay to her so much of the principal as she might deem necessary, and at her death to pay the expenses of her last sickness and funeral, erect a monument, the cost of which should not exceed $250, and then pay over the balance re-

maining in his hands to certain grandchildren of the grantor. At the time the agreement was made the personal property involved consisted of moneys in bank, evidenced by certificates of deposit, and also certain promissory notes and mortgages, all of which were payable to the order of the grantor. These were duly indorsed, assigned and delivered to the trustee at the time the agreement was entered into, and he at once reduced them to cash. After the death of Mrs. Miles, which occurred in February, 1906, plaintiff was appointed administrator of her estate, and he brought this action to recover from the defendant the sum of $2650.87, the proceeds of the notes and certificates of deposit collected by him as trustee. The cause was tried to the court and judgment given for the defendant. Plaintiff brings the case here.

We agree with the plaintiff that the transaction did not constitute a gift *inter vivos* nor *causa mortis*, and that the instrument was not testamentary. But we hold that it created a complete and executed trust. It is thought that every question raised by the plaintiff is disposed of adversely to his contention in the opinion in *Miles v. Miles, ante,* p. 382, and therefore the judgment is affirmed.